CITY OF CHATTANOOGA et al. v. HILL.

(Circuit Court of Appeals, Sixth Circuit. July 21, 1905.)

No. 1,436.

BANKRUPTCY—DUTY OF TRUSTEE TO PAY TAXES.

Bankr. Act July 1, 1898, c. 541, § 64a, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447], which provides that the court shall order the trustee to pay "all taxes legally due and owing by the bankrupt" in advance of the payment of dividends, is not ambiguous, and requires the payment of all such taxes, irrespective of the question of lien, and although they may have been levied on property which did not pass into the hands of the trustee.

Appeal from the District Court of the United States for the Eastern District of Tennessee.

Chambliss & Chambliss, for appellants.

Wm. L. Frierson (Lewis Shepherd of counsel), for appellee.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

LURTON, Circuit Judge. By intervening petition the state of Tennessee, the county of Hamilton, and the city of Chattanooga sought an order requiring the trustee to pay certain taxes due from the bankrupt corporation, the New Chattanooga Furnace Company, out of the funds in his hands before the payment of dividends. The aggregate of the claims is $690. Of this about two-thirds is the tax assessed upon personal property and the remainder upon the real property of the bankrupt. The greater part of the property upon which this tax was assessed consisted of real and personal property covered by a mortgage. The mortgage debt being in excess of the value of the mortgaged property, the trustee, by consent of the court, relinquished it to the mortgage creditors. The unmortgaged property which came to the hands of the trustee represented about 15 per cent. of the total of the entire property upon which the tax was assessed. Upon this state of facts the court ordered the trustee to pay 15 per cent. of the tax claim, and declined to order the payment of the remainder.

The decree is erroneous, and the trustee should be required to pay all the taxes legally due by the bankrupt. Section 64a of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447]) reads as follows:

"The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, state, county, district, or municipality in advance of the payment of dividends to creditors, and upon filing the receipts of the proper public officers for such payment he shall be credited with the amount thereof, and in case any question arises as to the amount or legality of any such tax, the same shall be heard and determined by the court."

There seems to be no room for construction. The taxes claimed are confessedly due and owing. Of the aggregate tax claimed $450 was assessed against the aggregate value of the personal property owned by the bankrupt and the remainder upon the aggregate value of the realty. Under the Tennessee statute this assessment con-

stituted a first charge or lien upon the fee in said property, regardless of liens or divisions of interest. Acts Tenn. 1903, pp. 663, 667, c. 258. This lien upon the personalty for the tax assessed against the personalty was a lien for the entire tax upon every part of the personalty, and the whole personal tax might have been enforced against that part of the personalty which did not come to the trustee or against that which did. We can find no provision in the Tennessee assessment statutes which apportions the burden among different parcels when the assessment has been made upon the gross value of the personal estate of the taxpayer. But, irrespective of the question of a lien, the taxes constituted a personal debt against the taxpayer which can be enforced by proceedings in personam. The bankrupt act says that "all taxes legally due and owing by the bankrupt" shall be paid by the trustee "in advance of the payment of dividends to creditors." This does not say or mean that such payment shall be dependent upon the question as to whether they are a secured debt. Section 64b deals with the order of payment, and does not mention taxes. Clause 5 of section 64b (30 Stat. 563 [U. S. Comp. St. 1901, p. 3448]), which is supposed to cover taxes, refers only to "debts owing to any person who by the laws of the states or United States is entitled to priority." A tax due to the United States or a state is not a debt owing to "any person," within the meaning of this clause. The priority of taxes is provided for by section 64a. If paid only as a secured debt of the kind referred to in 64b, taxes would be postponed not only to costs of administration but to workmen, clerks, and servants' wages. Congress evidently meant that the sovereign should neither be postponed nor delayed in the collection of taxes, and therefore provided that the trustee should pay all taxes due and owing by the bankrupt in advance of dividends. The bankrupt might have paid all taxes immediately prior to the filing of a petition by or against him. This would not have been a preference. The law means that the trustee shall do what the bankrupt might have done and what good citizenship required him to do. The opinions of the courts are not agreed about this matter, and there are holdings which limit this direction to pay "all taxes due and owing by the bankrupt" to such taxes as constitute a lien upon the bankrupt's estate in the hands of the trustee and remit the sovereign to the enforcement of any lien which it may have against property which the trustee relinquished to the lien creditors. In re Veitch (D. C.) 101 Fed. 251; In re Stalker (D. C.) 123 Fed. 961; In re Brinker (D. C.) 128 Fed. 634. The two last are opinions by Hazel, District Judge. In the case of In re Tilden (D. C.) 91 Fed. 501, it was held that taxes due upon and assessed against the exempt homestead of the bankrupt should be paid by the trustee. That the bankrupt's creditors were not benefited by the bankrupt's homestead was held not enough to raise a doubt upon the plain meaning of so unambiguous a law. In the case of In re Prince & Walter (D. C.) 131 Fed. 546, state taxes assessed upon mortgaged lands of the bankrupt were directed to be paid out of proceeds of the bankrupt's personalty, there being no proceeds of the land out of which to pay after satis-

fying the mortgage thereon. Looking to the terms of 64a, Judge Archbald said: "Taxes, as a class, are thus put at the head of everything, even above the expense of preserving the estate or the cost of administration." In the case of the City of Waco v. Bryan, 127 Fed. 79, 62 C. C. A. 79, the Court of Appeals for the Fifth Circuit in a clear and forceful opinion by Judge Pardee held that the claim of the city of Waco for taxes assessed against the bankrupt was entitled to priority of payment by the trustee for taxes assessed against property which did not come to the hands of the trustee. For the purposes of this case it is enough to say that we concur with that court, but find no necessity for the expression of any opinion as to whether taxes would be entitled to priority over costs and expenses of administration.

The order of the bankrupt court is reversed, with direction to pay the entire claim for taxes.