### In re WEISS.

(District Court, S. D. New York. February 19, 1908.)

BANKRUPTCY—PREFERRED CLAIMS—UNITED STATES TAXES—COMMISSIONS—ATTORNEY'S FEES.

> A claim due the United States for taxes is entitled to priority over the trustee's commissions and reasonable charges of the trustee's attorney; and this, though before the claim for taxes was presented the fund originally in the trustee's hands had been reduced by some administration expenses expressly authorized by order of the referee.

In Bankruptcy. Petition to review order of referee denying the petition of the United States to have awarded to it certain funds in the hands of the trustee in bankruptcy in partial payment of taxes.

Thomas D. Thacher, Asst. U. S. Atty., for petitioner.
Meyers & Goldsmith, opposed.

HOUGH, District Judge. The United States is a creditor of this bankrupt for a sum exceeding the amount in the hands of the trustee at the time of presenting such claim. The commissions of the trustee are unpaid, as also the reasonable charges of his attorney. The question presented on this review is whether a claim for taxes is entitled to priority of payment, to the exclusion of all reasonable expenses of administration.

Before this claim for taxes was presented the fund originally in the trustee's hands had been reduced by some administration expenses explicitly authorized by referee's order. Whether the trustee is or can be made responsible for the expenses so paid prior to presentation of the government's claim is a question not before this court, but it is

necessary to decide whether taxes have priority (a) over trustee's commissions, and (b) the reasonable charges of the trustee's attorney.

Trustee's commissions are necessary costs of preserving the estate, and fall under section 64b (1) (Act July, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447]). The reasonable fees of the trustee's attorney fall under the same subdivision, if they were necessary; and it may be assumed for the purposes of this discussion that such services were necessary. With the justice or fairness of the government's contention in this case I think the court is not concerned. If the statute is clear it must be obeyed, and the very matters here presented were necessarily decided in Re Prince and Walter (D. C.) 131 Fed. 546. It is suggested that the proposition there advanced, viz., that taxes as a class are put at the head "of everything, even above the expenses of preserving the estate or the costs of administering it," is a dictum. I do not think so. The court could not have come to the conclusion it did without necessarily holding the doctrine contended for here by the government. This decision was cited with approval in City of Chattanooga v. Hill, 139 Fed. 600, 71 C. C. A. 584, and followed by the form of the order entered in Re Cramond (D. C.) 17 Am. Bankr. Rep. 40, 145 Fed. 966; and this case especially I feel bound to follow, as being in this circuit.

The order of the referee is reversed, and the trustee directed to pay the fund actually in his hands to the United States.