In re JACOBSON.

SMIETANKA v. ZIBELL.

(Circuit Court of Appeals, Seventh Circuit. February 11, 1920.)

No. 2757.

1. BANKRUPTCY ⚖⇒346—RIGHT OF TAXES TO PRIORITY IS GOVERNED BY THE BANKRUPTCY ACT.

Bankruptcy Act, §§ 64a, 64b (Comp. St. § 9648), as to payment of taxes and debts having priority, are in pari materia with Rev. St. § 3466 (Comp. St. § 6372), giving debts due the United States from insolvent debtors priority, and supersede such section in part, and the right of taxes to priority is governed by those sections, and not by section 3466.

2. BANKRUPTCY ⚖⇒346—TAXES NOT ENTITLED TO PRIORITY OVER EXPENSES OF ADMINISTRATION; "CREDITOR."

Under Bankruptcy Act, § 64a (Comp. St. § 9648), providing for the payment of taxes in advance of dividends to creditors, and section 1, subd. 9 (section 9585, defining "creditor" as including any one owning a demand provable in bankruptcy, taxes are not entitled to priority over fees of the clerk, trustee, and referee, and other expenses of administration.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Creditor.]

Petition to Review and Revise an Order of the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Proceeding on the claim of Julius F. Smietanka, Collector of Internal Revenue, against the estate of Eli I. Jacobson, opposed by William F. Zibell, receiver in bankruptcy. On petition to review and revise an order denying the claim of priority. Affirmed.

Charles F. Clyne and John H. Lally, both of Chicago, Ill., for petitioner.

Fred E. Newton, of Chicago, Ill., for respondent.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Contending that its claim for taxes should be paid before the costs and expenses of administering the insolvent estate of Eli I. Jacobson, a bankrupt, the government relies upon section 3466, Revised Statutes (Comp. St. § 6372), and sections 64a and 64b of the Bankruptcy Act (Comp. St. § 9648), to support its position. These three sections read:

Section 3466, Revised Statutes:

"Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or ad-

ministrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority hereby established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

### Bankruptcy Act, § 64a:

"The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, state, county, district, or municipality in advance of the payment of dividends to creditors, and upon filing the receipts of the proper public officers for such payment he shall be credited with the amount thereof, and in case any question arises as to the amount or legality of any such tax the same shall be heard and determined by the court."

### Section 64b:

"The debts to have priority, except as herein provided, and to be paid in full out of bankrupt estates, and the order of payment shall be (1) the actual and necessary cost of preserving the estate subsequent to filing the petition; (2) the filing fees paid by creditors in involuntary cases; * * * (3) the cost of administration, including the fees and mileage payable to witnesses as now or hereafter provided by the laws of the United States, and one reasonable attorney's fee, for the professional services actually rendered, irrespective of the number of attorneys employed, to the petitioning creditors in involuntary cases, to the bankrupt in involuntary cases while performing the duties herein prescribed, and to the bankrupt in voluntary cases, as the court may allow; (4) wages due to workmen, clerks, traveling or city salesmen, or servants which have been earned within three months before the date of the commencement of proceedings, not to exceed three hundred dollars to each claimant; and (5) debts owing to any person who by the laws of the states or the United States is entitled to priority."

[1] The first section quoted is a general statute. It existed prior to the passage of the Bankruptcy Act and was partly superseded by that act. In other words, sections 64a and 64b of the Bankruptcy Act are in pari materia with section 3466. Debts due the United States, other than taxes are not given the same protection in the two cited sections of the Bankruptcy Act as existed under the general statute, section 3466, or under the Bankruptcy Act of 1867. 14 Stat. 517. This is clearly brought out by Mr. Justice McKenna in Guarantee Title & Trust Co., Trustee, v. Title Guaranty & Surety Co., 224 U. S. 152, 32 Sup. Ct. 457, 56 L. Ed. 706. Speaking of the various Bankruptcy Acts, the court says (224 U. S. 158, 32 Sup. Ct. 459, 56 L. Ed. 706):

"The Bankruptcy Act of 1867, as we have seen, provided for priority, first, for the payment of expenses, and second, of 'all debts due to the United States, and all taxes and assessments under the laws thereof.' The priority, therefore, given by the Bankruptcy Act, was coextensive with the priority given by the statute of 1797. In other words, to repeat, there was a reaffirmation by the Bankruptcy Act of the statute of 1797. But there is not such affirmation by the Bankruptcy Act of 1898 of that statute, which still exists, as we have said, as section 3466 of the Revised Statutes, supra. There is a change in provisions, and we come to the question if there is a change of purpose."

Proceeding further, the court says (224 U. S. 159, 32 Sup. Ct. 459, 56 L. Ed. 706):

"It will be seen, therefore, that by the statute of 1797 (now section 3466) and section 5101 of the Revised Statutes all debts due to the United States

were expressly given priority to the wages due any operative, clerk or house servant. A different order is prescribed by the act of 1898, and something more. Labor claims are given priority, and it is provided that debts having priority shall be paid in *full*. The only exception is 'taxes legally due and owing by the bankrupt to the United States, state, county, district or municipality.' These were civil obligations not personal conventions, and preference was given to them, but as to debts we must assume a change of purpose in the change of order. And we cannot say that it was inadvertent. *The act takes into consideration, we think, the whole range of indebtedness of the bankrupt, national, state, and individual, and assigns the order of payment.*"

We have quoted thus freely to justify the elimination from this case —that is, so far as it relates to taxes as distinguished from other debts —of section 3466, Revised Statutes, confidently relied upon by counsel for the government. And his chief citations (In re Weiss [D. C.] 159 Fed. 295; In re Prince [D. C.] 131 Fed. 546; In re Cramond [D. C.] 145 Fed. 966; City of Chattanooga v. Hill, 139 Fed. 600, 71 C. C. A. 584, 3 Ann. Cas. 237) were all decided prior to the decision in Guarantee Title & Trust Co. v. Title Guaranty & Surety Co.

[2] If petitioner's claim is entitled to priority, it must then be by virtue of section 64a of the Bankruptcy Act. Its claim, being for a tax, is entitled to the preference and priority which this section provides. But what is the priority thus created? Clearly priority over claims of other "creditors." This section directs payment of these taxes "in advance of the payment of dividends to creditors." "Creditors" of the bankrupt are not entitled to dividends until the taxes are paid. No recognition of priority in favor of taxes appears, except as to creditors. Who, then, are the "creditors" of whose claims Congress was speaking? Having defined the term "creditor" by a previous section, it was no doubt making use of its own definition, in thus using the term in section 64a. " 'Creditors' shall include any one who owns a demand  *  *  *  provable in bankruptcy." Thus Congress by section 1, subd. 9, of the act (Comp. St. § 9585), comprehensively designates the class known as creditors, the class whose claims are subject to the claims of "the United States, state, county, district, or municipality" for taxes. By no stretch of the definition of this term "creditor" could it be construed to include clerk, trustee, referee, or any one whose relation with the bankrupt or the bankrupt's estate began subsequent to the filing of the petition in bankruptcy.

Moreover, it is hardly conceivable that the Congress should confer upon the District Court power to administer bankrupt estates, to sequester and preserve property, perishable as well as losable, and yet deny to the court the right to protect its officers in the performance of their duties, notwithstanding such performance of duties and such administration of the insolvent estate is for the benefit of the taxing powers even more than it is for the general creditors. State of New Jersey v. Lovell, 179 Fed. 321, 102 C. C. A. 505, 31 L. R. A. (N. S.) 988.

The decree is affirmed.