## LIBERTY MUT. INS. CO. v. JOHNSON SHIPYARDS CORPORATION.

(District Court, S. D. New York. July 23, 1924.)

**1. Internal revenue ⊙⊃26—Taxes not "debts," within statute entitling debts due United States to priority of payment.**

Taxes are not "debts," within Rev. St. § 3466 (Comp. St. § 6372), entitling "debts" due to the United States to priority of payment where debtor is insolvent, or whenever estate of deceased debtor is insufficient to pay all debts.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Debt.]

**2. Internal revenue ⊙⊃26—United States held entitled to priority of payment of taxes as against general creditors of insolvent taxpayer.**

United States government *held* entitled to priority of payment of income and other taxes due the government from insolvent taxpayer; such right being an attribute of sovereignty, and not dependent on Rev. St. §§ 3466, 3467 (Comp. St. §§ 6372, 6373).

**3. Taxation ⊙⊃2—Power of taxation attribute of sovereignty.**

The power of taxation belongs to every independent sovereignty, and is of necessity essential to the support and maintenance of the government.

**4. Internal revenue ⊙⊃26—Rule as to exercise of power of taxation by several states and federal government stated.**

The power of taxation is exercised concurrently by the several states and the federal government, but, if the relative claims of the two sovereignties with respect to taxation on the same subject-matter conflict, that of the United States as the supreme authority must be preferred.

In Equity. Suit by the Liberty Mutual Insurance Company against the Johnson Shipyards Corporation, in which receivers were appointed for the defendant, and the United States and others filed claims. On exceptions to report of special master, holding named claimant not entitled to priority over general creditors. Exceptions sustained, and named claimant awarded priority of payment.

Wm. Hayward, U. S. Atty., of New York City (Thomas J. Crawford, of New York City, of counsel), for the United States.

Rothwell, Harper & Matthews, of New York City (Morgan J. O'Brien, 2d, of New York City, of counsel), for receivers of Johnson Shipyards Corporation.

KNOX, District Judge. This action was begun as an ordinary conservation suit in equity. Receivers of the defendant were appointed, and they have now all but wound up the estate. As in many cases, the hopes of creditors that the assets of the defendant, when liquidated would be sufficient to pay their claims in full, have not been realized.

⊙⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

After the payment of lien claims and administration expenses, the general creditors will receive approximately 20 per centum of the face amount of their claims.

One of the claimants is the United States government. Proof has been made that the defendant for the year 1917 failed to pay income and excess profits taxes in the sum of $3,643.24, and that it also failed to pay its capital stock tax for the years 1919, 1920, and 1922, amounting in the aggregate to $288.75. Neither the amount nor the validity of the tax assessment is disputed by the receivers. They do deny, however, that the government is entitled to priority of payment over defendants' general creditors.

The special master, appointed to pass upon the claims of creditors, has sustained the contention of the receivers. Exceptions have been filed by the United States, and the question of the government's right to priority is thus before me. In the opinion of the master, the point is resolved by the decision of the Circuit Court of Appeals for this circuit in Equitable Trust Co. v. Connecticut Brass, etc., Co., 290 Fed. 712. In that case the government intervened in an equity suit, very similar to this, and asserted a claim for damages in the sum of about $350,000 for the conversion by the brass company of a quantity of copper supplied to it for the fulfillment of a munitions contract. The claim for priority rested upon the provisions of section 3466 of the Revised Statutes (Comp. St. § 6372). It was held that, inasmuch as there is no common law of the United States, the priority given by the common law to all debts due the English sovereign cannot be claimed by the United States, and that any claim for priority of payment of debts must rest upon the statute. The situation in which the brass company found itself, not being within the terms of section 3466 of the Revised Statutes, the government's claim to priority over the brass company's general creditors was rejected.

Passing by the decision of the Circuit Court of Appeals for the Fifth Circuit in Davis v. Miller-Link Lumber Co., 296 Fed. 649, in which it was held that, where a receiver was appointed for a corporation in a creditors' bill, alleging solvency, but temporary embarrassment, and the corporation joined in the application for the appointment of the receiver, and was subsequently found to be insolvent, the transaction was in effect a general assignment for the benefit of creditors, and, assuming the Johnson Shipyards Company to be in a position as good as that of the brass company, I am of the opinion that the brass company decision is not applicable to the facts of this case.

[1] Taxes are not included, I think, in the ordinary and common acceptation of the word "debts" as it is used in section 3466 of the Revised Statutes. See United States v. Eggleston et al.; 25 Fed. Cas. 979, No. 15,027. While they fall due and become owing from the taxpayer, they are civil obligations, not personal conventions. Guarantee Title & Trust Co. v. Title Guaranty, etc., Co., 224 U. S. 152, 160, 32 Sup. Ct. 457, 56 L. Ed. 706. In Meriwether v. Garrett, 102 U. S. 472, 513 (26 L. Ed. 197) it was said: "Taxes are not debts. It was so held * * * in * * * Oregon v. Lane County, reported in 7 Wallace. Debts are obligations for the payment of

money founded upon contract, express or implied. Taxes are imposts levied for the support of the government, or for some special purpose authorized by it. The consent of the taxpayer is not necessary to their enforcement. They operate in invitum. Nor is their nature affected by the fact that in some states * * * an action of debt may be instituted for their recovery. The form of procedure cannot change their character."

[2] If this be true, it seems to me that the right of the government to a preference in the payment of its taxes as against general creditors of a debtor is not dependent upon sections 3466 and 3467 of the Revised Statutes (Comp. St. §§ 6372, 6373), but is an attribute of sovereignty. Marshall v. New York, 254 U. S. 380, 41 Sup. Ct. 143, 65 L. Ed. 315, and exists independently of the sections referred to. While it may be admitted that there is no common law of the United States, it must also be conceded that some of the doctrines of the common law attach to the authority of the United States as a sovereign. One of them is that the United States cannot be sued in its own courts without its consent. The Siren, 7 Wall. 152, 154, 19 L. Ed. 129. In Dollar Savings Bank v. United States, 19 Wall. 227, 22 L. Ed. 80, it was said that "it may be considered as settled that so much of the royal prerogatives as belonged to the king in his capacity of parens patriæ, or universal trustee, enters as much into our political state as it does into the principles of the British Constitution."

That case held that a taxing act of July 13, 1866 (14 Stat. 138), then under consideration, contained nothing to prevent the United States from pursuing a common-law remedy for the collection of its dues. If with respect to taxes the government is entitled to resort to a common-law remedy, I see no reason to suppose that it does not also possess the common-law right to priority of payment of such dues.

[3, 4] The power of taxation belongs to every independent sovereignty, and is, of necessity, essential to the support and maintenance of the government. In the United States the right is exercised concurrently by the several states and the federal government. McCulloch v. Maryland, 4 Wheat. 316, 424, 4 L. Ed. 579. If the relative claims of the two sovereignties with respect to taxation upon the same subject-matter conflict, that "of the United States, as the supreme authority, must be preferred. * * *" Lane County v. Oregon, 7 Wall. 71, 77 (19 L. Ed. 101). As I conceive of the attributes of a sovereign nation, there can be, in the absence of express legislative authority, no concession to the proposition that in the distribution of a debtor's estate the government's tax claim is of no higher rank than his conventional obligation to pay.

Such, too, seems to be the implication in the opinion of Judge Hough in Hazel-Atlas Glass Co. v. Alart & McGuire Company (unreported), decided June 7, 1923.[1] In holding that a claim of the United States

---

[1] This was a case where a corporation, indebted to the United States for breach of contract, became insolvent in the equity sense, but not insolvent in the bankruptcy sense. The court held, on the authority of United States v. Oklahoma, 261 U. S. 253, 43 Sup. Ct. 295, 67 L. Ed. 638, and without further discussion, that the United States was not a preferred creditor. [Editor's Note.—Judge Hough requested that no more of his opinion be published.]

against the McGuire Company for a breach of contract was not entitled to priority, he said: "It is not a claim for taxes or duties, and it differs in no way from other claims put forward by private persons for similar breaches of commercial engagements."

Without more, I shall sustain the exceptions filed to the report of the special master, and will award the government priority of payment of its tax claim against the defendant.