## In re CASWELL CONST. CO., Inc.

(District Court, N. D. New York. July 12, 1926.)

**1. Bankruptcy ⚙⟹192.**

Mechanics' liens created by state law are within Bankr. Act, § 67d (Comp. St. § 9651), providing that liens therein described shall not be affected by Bankruptcy Act.

**2. Bankruptcy ⚙⟹191(½), 303(1)—Provision that liens are not affected to extent of present consideration only is inapplicable to statutory liens; it is presumed that state court found mechanics' liens valid for labor and material furnished at time of filing (Bankr. Act, § 67d, as amended by Act June 25, 1910, § 12 [Comp. St. § 9651]).**

Bankr. Act, § 67d, as amended by Act June 25, 1910, § 12 (Comp. St. § 9651), providing that liens shall not be affected by act, to extent of present consideration only, has no application to statutory liens; but, if it has, it may be presumed that state court in determining mechanics' liens found them valid only for amount of labor and material furnished at time of filing liens.

**3. Bankruptcy ⚙⟹346.**

Liens included in Bankr. Act, § 67d (Comp. St. § 9651), are not subordinate to taxes under section 64a (section 9618), unless such taxes are themselves liens having priority in time.

**4. Internal revenue ⚙⟹26.**

State law cannot give any lien to federal taxes, since it is not subject for state legislation.

**5. Bankruptcy ⚙⟹346.**

Under Rev. St. § 3186 (Comp. St. § 5908), mechanic's lien filed against bankrupt within time required by state law, whether before or after adjudication, is not subordinate to later assessed federal income tax.

**6. Bankruptcy ⚙⟹346—Internal revenue ⚙⟹26.**

United States may limit its priority relative to taxes as was done by Rev. St. §§ 3186, 3466 (Comp. St. §§ 5908, 6372), and Bankr. Act, §§ 64a, 67d (Comp. St. §§ 9648, 9651).

**7. Bankruptcy ⚙⟹349.**

As to estates in bankruptcy the Bankruptcy Act (Comp. St. § 9585 et seq.) supersedes Rev. St. § 3466 (Comp. St. § 6372), as to priority of United States for debts due to it.

**8. Bankruptcy ⚙⟹346.**

Priority of payment of federal taxes secured by Bankr. Act, § 64a (Comp. St. § 9648), attaches only to corpus of bankrupt estate, subsequent and subordinate to mechanics' liens previously filed under section 67d (section 9651).

**9. Receivers ⚙⟹77(1).**

Receiver appointed by federal court takes property subject to all liens, property, and privileges existing or accruing under state laws.

**10. Bankruptcy ⚙⟹152.**

Title of trustee in bankruptcy when appointed relates to date of adjudication under Bankr. Act, § 70 (Comp. St. § 9654).

**11. Bankruptcy ⚙⟹192.**

Mechanics' liens filed after adjudication in bankruptcy within time required by state law take precedence over interest of trustee in bankruptcy.

**12. Courts ⚙⟹366(18).**

Federal court should accept decision of state court as to validity and priority under New York Lien Law (Consol. Laws, c. 33), §§ 3, 5, of various mechanics' liens prosecuted to judgment in such court.

**13. Bankruptcy ⚙⟹295.**

Where trustee voluntarily became party to action in state court foreclosing mechanics' liens, that court had right to declare rights and interests of parties, though not power to take fund from court of bankruptcy.

**14. Bankruptcy ⚙⟹346.**

Under Bankr. Act, § 64a (Comp. St. § 9648), federal income taxes are a prior claim subject to expenses of administration on bankrupt estate, if any, after satisfaction of prior mechanics' liens.

In Bankruptcy. In the matter of the bankruptcy of the Caswell Construction Company, Inc. On petition by mechanics' lienors for an order directing the trustee to pay their liens before paying the claim of the United States for income taxes. Petition granted.

Oliver D. Burden, U. S. Atty., and H. V. S. Groesbeck and B. Fitch Tompkins, Asst. U. S. Attys., all of Syracuse, N. Y., for the United States.

William F. Canough and Irving J. Higbee, both of Syracuse, N. Y., for lienors.

COOPER, District Judge. This is a petition by mechanics' lienors for an order directing the trustee in bankruptcy to pay their liens before paying the claim of the United States for income taxes. No question is raised of the right to have the referee in bankruptcy first pass on this question.

On November 22, 1920, an involuntary petition in bankruptcy was filed against the Caswell Construction Company, and the company was adjudicated a bankrupt on January 17, 1921. When the petition was filed the bankrupt was engaged in performing certain construction work for the city of Syracuse, and there was due to the bankrupt for work performed the sum of $17,727.27. On December 17, 1920, James K. Bryant was appointed receiver of the bankrupt estate, and a trustee was elected February 2, 1921. Prior and subsequent to the filing of the petition in bankruptcy and within the four months permitted by the Lien Law of New York state (Consol. Laws, c. 33), from the furnishing of the last item of labor or material several mechanics' liens were duly filed against the fund in the possession of the city of Syracuse.

An action to foreclose these liens was instituted in the Supreme Court of New York State on February 3, 1921. On application to this court an order was made allowing the trustee to be made a party to the action in the state court. During the pendency of this action in the state court a stipulation was entered into by the lienors and the trustee, upon which an order of this court was made directing the city of Syracuse to transfer to the trustee the money due the bankrupt pending the final determination of the action.

On February 2, 1923, a judgment of the state Supreme Court was entered declaring the liens valid in the sum of $24,609.30 and ordering the payment thereof in order of priority. The trustee appealed from this judgment to the Appellate Division of the Supreme Court. The appeal was later dismissed.

On March 28, 1924, or April 28, 1924, a notice of assessment of additional income taxes for the year 1920 against the Caswell Construction Company, amounting to about $19,000, was filed with the Collector of Internal Revenue of the proper district. It is this additional income tax which the lienors claim is subordinate to their liens.

The government opposes the petition of the lienors and insists that the income tax in question must be paid before the mechanics' liens. If so paid, there will be nothing for the lienors.

The question of priority under the Bankruptcy Act as between the government's claim of additional income taxes later assessed and mechanics' liens earlier filed seems not to have been decided by any court. At least, no case deciding this question is given in the relatively hasty brief of the attorneys for the mechanics' lienors nor in the more voluminous brief of the government counsel, and none has been found by the industry of the court.

The sections of the Bankruptcy Act involved are 64a and 67d, being Comp. St. §§ 9648, 9651.

Section 64a reads as follows: "Debts which have priority: (a) The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, state, county, district, or municipality in advance of the payment of dividends to creditors, and upon filing the receipts of the proper public officers for such payment he shall be credited with the amount thereof, and in case any question arises as to the amount or legality of any such tax the same shall be heard and determined by the court."

Section 67d reads thus: "Liens given or accepted in good faith and not in contemplation of or in fraud upon this act, and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to impart notice, shall, to the extent of such present consideration only, not be affected by this act."

There is no provision of the Bankruptcy Law expressly giving government taxes priority of payment over liens. The government contends that section 64a controls and requires that the federal taxes be first paid. The lienors contend that their liens are protected by section 67d and are not affected by section 64a.

[1] The first consideration then is whether or not mechanics' liens as created by the laws of the state of New York are included within the term "liens" in section 67d. The words "liens given or accepted in good faith" would seem to exclude statutory liens or any liens other than voluntary liens, such as mortgages and the like. Statutory liens and common-law liens, like those of lodging

house keepers, are neither "given" nor "accepted" in good faith or otherwise. The only liens that can be given or accepted in good faith would seem to be voluntary liens. Statutory and common-law liens are not voluntary liens, but are exactly the opposite, namely, involuntary liens. They arise by operation of law, with or without some affirmative action on the part of the lienors, and without any participation on the part of the owner of the property. They are not given voluntarily, but they are imposed involuntarily upon the property of the owner, who may be called a lienee. There is authority for holding that statutory liens do not come under and are not included within the provisions of section 67d. In re Cramond (D. C.) 145 F. 966–976.

The weight of authority, however, is that liens both voluntary and statutory do come within the provisions of section 67d. In re Yoke Vitrified Brick Co. (D. C.) 180 F. 235, 238; Norris v. Trenholm, 209 F. 827, 126 C. C. A. 551; Re Purvis (D. C.) 293 F. 102, 106, 108; City of Richmond v. Bird, 249 U. S. 174, 39 S. Ct. 186, 63 L. Ed. 543; In re San Joaquin Packing Co. (C. C. A.) 295 F. 311.

The lien in the City of Richmond Case, supra, arose under a Virginia statute giving a landlord a lien on the goods and chattels of his tenant for rent due. Under that statute the lien attaches upon a levy on the goods and chattels of the tenant under a distress warrant. The landlord's lien under this law of Virginia is a lien of the same kind and nature as the mechanic's lien under the Lien Law of the state of New York. The Supreme Court held that such lien was preserved by section 67d of the Bankruptcy Law, and was superior to the lien of taxes due to the city of Richmond.

In Re San Joaquin Packing Co. (C. C. A.) 295 F. 311, the court in the Ninth circuit said: "The respondent's (mechanic's) lien on the building was not affected by the bankruptcy. Section 67d."

This court, therefore, feels itself bound by the decision of the highest court, to hold that mechanics' liens under the Lien Law of the state of New York come within the protection of section 67d of the Bankruptcy Act.
[2] The City of Richmond Case, supra, was decided upon the language of 67d as it was prior to the amendment of 1910. The section was amended in that year and the words inserted "to the extent of such present consideration only." The amendment of 1910 can have no bearing on statutory liens. It was

the evident purpose of the amendment to limit the protection of section 67d so far as voluntary liens, such as installment mortgages, buildings loan mortgages, and the like, are concerned, to the amount advanced thereon.

Even if the amendment applies to statutory liens, it may be presumed that the state court found the liens in the case at bar valid only for the amount of labor and material furnished up to the time of filing the liens.

With this preliminary question disposed of, we return to the main question as to whether mechanics' liens are to be preserved and remain unaffected under section 67d of the Bankruptcy Act or federal income taxes are to have priority under section 64a.

As was said in the City of Richmond Case, supra: "Section 64a directs that taxes be paid in advance of dividends to creditors; and 'dividend' as commonly used throughout the act means partial payment to general creditors. In section 65b for example, the word occurs in contrast to payment of debts which have priority. And as the local laws gave no superior right to the city's unsecured claim for taxes we are unable to conclude that Congress intended by section 64a to place it ahead of valid lien holders."
[3] As has been previously stated, there is no provision of the Bankruptcy Act other than section 64a which is claimed to give taxes any priority of payment over liens protected by 67d. Section 67d says that the liens included therein are not affected by any provisions of the Bankruptcy Act, hence it follows that the liens coming within section 67d are not subordinated to the prior payments of taxes under section 64a merely because such taxes are taxes.
[4] Only in case such taxes are themselves liens having priority in time over mechanics' liens can taxes be given priority and paid before the payment of liens which come under section 67d. Of course, no provision of the law of the state of New York gives any lien to federal taxes. That would not be a subject for state legislation. No provision of federal statute was cited by the counsel on either side, giving income taxes the character of a lien, and none can be found by the court other than section 3186 of the Revised Statutes (Comp. St. § 5908), which reads: "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount shall be a lien in favor of the United States from the time when the assessment list was received by the collector, except when otherwise provided, until paid,

with the interest, penalties, and costs that may accrue in addition thereto upon all property and rights to property belonging to such persons: Provided, however, that such lien shall not be valid as against any mortgagee, purchaser, or judgment creditor until notice of such lien shall be filed by the collector in the office of the clerk of the district court of the district within which the property subject to such lien is situated: Provided further, whenever any state by appropriate legislation authorizes the filing of such notice in the office of the registrar or recorder of deeds of the counties of that state, or in the state of Louisiana in the parishes thereof, then such lien shall not be valid in that state as against any mortgagee, purchaser, or judgment creditor, until such notice shall be filed in the office of the registrar or recorder of deeds of the county or counties, or parish or parishes in the state of Louisiana, within which the property subject to the lien is situated."

[5] In the case at bar the notice of assessment of additional income tax for the year 1920 was filed with the collector on April 28, 1924, more than three years after the filing of the mechanics' liens in question and the adjudication in bankruptcy and election of the trustee, and more than one year after the decision determining the validity of the liens. In so far, therefore, as the income tax became a lien by virtue of section 3186, such lien was subsequent and subordinate in point of time to the mechanics' liens in question. Hence priority of lien of the later assessed federal income tax over the earlier filed mechanic's lien is not given by any statute.

True, it has been held that a lien for taxes exists by common law independent of statute. Marshall v. People of State of New York, 254 U. S. 380–383, 41 S. Ct. 143, 65 L. Ed. 315. This was held with reference to the lien of certain corporate taxes of the state of New York.

But it was also held in Marshall v. New York, supra, that the priority of the state's lien for taxes, said to have priority by common law as above stated, "could be defeated or postponed only through the passing of title to the debtor's property absolutely or by way of lien before the sovereign sought to enforce his right," and all that was held in that case was that the right of the state to payment of these taxes was prior to that of the general creditors. The court distinguishes the Marshall Case from the City of Richmond Case in the following language: "The city sought there [the City of Richmond

Case] in vain to have taxes declared payable out of the bankrupt's assets in preference to the claim of the landlord thereon which was secured by a specific lien arising upon distraint. This court held that the city did not have such superior right since neither the laws of the United States nor those of Virginia accorded such priority. Here it is not sought to gain priority over a lien existing at the time when the receiver was appointed; and the priority over unsecured creditors is granted by the common law of New York."

Whether such common-law lien as was held to exist as to state taxes could exist as to taxes in favor of the federal government, in view of the fact that it is held that the common law does not obtain as to the United States and its courts, need not be determined at this time, and if such priority existed it would doubtless likewise be "defeated—by way of lien before the sovereign sought to enforce his right."

[6] Whatever be the law as to the status of taxes of the United States as an attribute of sovereignty or as existing at common law, it is clear that the United States may limit its priority by statute when it does so expressly and this it has done by sections 3466 and 3186 of the Revised Statutes (Comp. St. §§ 6372, 5908), and sections 64a and 67d of the Bankruptcy Law.

[7] The effect in this case of section 3186 of the Revised Statutes, and 64a and 67d of the Bankruptcy Law, has been shown. Section 3466 of the Revised Statutes does not apply here. The courts hold that as to estates in bankruptcy the Bankruptcy Act supersedes section 3466 of the Revised Statutes. In re Jacobson (C. C. A.) 263 F. 883; Liberty Mutual Insurance Co. v. Johnson Shipyards Corp. (D. C.) 300 F. 952, affirmed (C. C. A.) 6 F.(2d) 752; Guaranty Co. v. Title Guarantee Co., 224 U. S. 152, 32 S. Ct. 457, 56 L. Ed. 706; Davis v. Pringle, 268 U. S. 315, 45 S. Ct. 549, 69 L. Ed. 974; Mellon v. Michigan Trust Co., 46 S. Ct. 511, 70 L. Ed. —, decided by the Supreme Court May 24, 1926, and not yet [officially] reported.

[8] There being then no law which made the federal income tax in the case at bar a lien upon the property of the bankrupt at the time of adjudication of bankruptcy, either in priority to or in parity with the liens of the mechanics' lienors then existing, such mechanics' liens under section 67d must be deemed attached to the property, and the priority of payment of federal taxes secured by section 64a, whether as to unsecured creditors or otherwise, attaches only to the cor-

pus of the bankrupt estate, subsequent and subordinate to the mechanics' liens in suit. Not only does this logically follow from the foregoing, but there is support for this view by inference in the following cases:

[9] A receiver appointed by a federal court takes property subject to all liens, property, and privileges existing or accruing under the laws of the state. York Mfg. Co. v. Cassell, 201 U. S. 344, 26 S. Ct. 481, 50 L. Ed. 782; Marshall v. State of New York, 254 U. S. 380, 41 S. Ct. 143, 65 L. Ed. 315.

[10] The title of the trustee in bankruptcy, when appointed, relates to the date of adjudication. Section 70 of Bankruptcy Act (Comp. St. § 9654); In re Cramond (D. C.) 145 F. 966, 978; Metcalf Bros. v. Barker, 187 U. S. 165, 174, 23 S. Ct. 67, 47 L. Ed. 122; Schoenherr v. Van Meter, 215 N. Y. 548–553, 109 N. E. 625.

In U. S. v. Lewis, 13 N. B. R. 33, 38–39, Fed. Cas. No. 15,595, at 924 (6 D. Pa. 1875), affirmed 92 U. S. 618, 23 L. Ed. 513, it was said: "The claim of the government extends only to that which was the property of the debtor when he became insolvent, and his property is only that, in substance, which remains after the satisfaction of liens upon it." See, also, Prince v. Bartlett, 8 Cranch, 431, 3 L. Ed. 614; U. S. v. Canal Bank, 3 Story, 79, Fed. Cas. No. 14,715.

In U. S. v. Duncan, 12 Ill. 523, 4 McLean, 607, Fed. Cas. No. 15,003, at page 935 (D. C. Ill.), the court said: "It has been uniformly held in all the cases that the priority of the United States does not disturb any specific lien, nor the perfected lien of a judgment, that is it does not supersede a mortgage on land, nor a judgment made perfect by the issue of an execution and a levy on land."

It is true that there are two cases referring to mechanics' liens in which reference is made to taxes as prior to such liens. While the cases are not clear as to what taxes are referred to, it is reasonably certain that they refer to local real property taxes, which, by the law of the state, are imposed upon property prior to all liens voluntary or involuntary. Such cases are In re Cramond (D. C.) 145 F. 966–978, supra, and In re Yoke Vitrified Brick Co. (D. C.) 180 F. 235–239.

Had the statute of Virginia made the city of Richmond taxes on the personal property of its inhabitants a lien before distraint and prior to all other liens, the decision in the City of Richmond Case, supra, would undoubtedly have been exactly opposite. The decision must then have been as in City of Chattanooga v. Hill, 139 F. 600, 71 C. C. A.

584, 3 Ann. Cas. 237, where the Circuit Court of Appeals held that because by the statute of Tennessee (Acts 1903, pp. 663, 667) local taxes were made "a first mortgage or lien on the property regardless of liens or division of interest," such taxes must be paid before liens.

New Jersey v. Anderson, 203 U. S. 483, 27 S. Ct. 137, 51 L. Ed. 284, and various other cases cited by government counsel, are not in point, for in none of these cases was the court called upon to decide the priority of taxes over liens. The question was usually whether the taxes were prior to general creditors or to the claims of wage-earners under section 64b who had not filed liens before adjudication.

Assuming then that the mechanics' liens were valid liens under the Lien Law of the state of New York (Consol. Laws, c. 33) from and after the time of the filing pursuant to the provisions of sections 3 and 5 of that statute, there seems to be no law and no authority which gives priority to the income tax of the United States over duly filed mechanics' liens, where notice of the assessment was not placed in the hands of the collector until three years after the filing of these mechanics' liens.

No question has arisen here as to the validity of the petitioner's mechanics' liens. So far as the status of these liens upon this motion is concerned, their validity would not depend upon whether or not any action had been brought in the state court to foreclose them, though here their validity was duly adjudicated prior to the filing of the notice of additional income tax assessment. Under the laws of the state they become liens from and after the time of their filing, regardless of actions of foreclosure.

[11] This court is constrained to hold, therefore, that the proper construction of the Bankruptcy Act requires the holding that mechanics' liens filed before the adjudication in bankruptcy be paid out of the funds of the estate prior to the payment of the income taxes assessed long after adjudication herein. It is also constrained to hold that the mechanics' liens filed after the adjudication in bankruptcy, since they were filed within the time required by the Lien Law, take precedence over the interest of the trustee in bankruptcy. In the matter of New York-Brooklyn Fuel Corporation v. Seymour K. Fuller, as Trustee, etc., 11 F.(2d) 802, decided in the Second circuit March 26, 1926, opinion by Judge Manton.

If such liens are prior to the interest of the trustee in bankruptcy, they are also prior

to the lien of the government taxes, as the latter did not attach for nearly three years.

Besides the strictly legal consideration which moves the court to this conclusion, the court also realizes the injustice which might be done to these lienors if their right to attack or review the imposition of income taxes has been lost and they are helpless before a claim of income tax of $19,000, not imposed until 1924, but levied for the year 1920 upon a corporation whose total assets at the close of that year were approximately $17,000, a sum less than the income tax assessment upon the corporation for that year.

[12] This court should accept the decision of the state court as to the validity and priority of the various mechanics' liens.

[13] Where the trustee has voluntarily become a party to an action in a state court, that court has the right to declare the rights and interests of the parties, though not the power to take the fund from the court of bankruptcy. Schoenherr v. Van Meter, 215 N. Y. 548, 555, 109 N. E. 625.

The trustee became a party on his own motion to the action of foreclosure in the state court.

[14] Inasmuch as the amount of the liens held valid by the New York Supreme Court exceeds the total amount of the fund in question, there is nothing with which to satisfy government's claim for taxes. Such taxes are, however, prior claim as to any other estate, if any, of the bankrupt, subject, however, to the expenses of administration of the bankrupt estate.

If there is other estate of the bankrupt sufficient to pay the expenses of administration of the bankruptcy, an order may be directed, directing the trustee to pay the $17,727.27 and accrued interest to the mechanics' lienors in their order of priority as determined by the final judgment of the state court.

If there is no other estate, the order may contain a provision for paying the expenses of administration before the payment of the liens.

The order in this case shall not be entered until 20 days after the receipt of this memorandum.