**In re TEMPLE et al.**
**BELL v. RECONSTRUCTION FINANCE CORPORATION.**

No. 9833.

United States Court of Appeals
Seventh Circuit.

April 29, 1949.

Rehearing Denied May 24, 1949.

Kenneth H. Lemmer, of Springfield, Ill., J. L. McLaughlin and James M. McLaughlin, both of Sullivan, Ill., and Geo. E. Drach and Nelson O. Howarth, both of Springfield, Ill., for appellant.

Lee Walker and Stephen R. Chummers, both of Chicago, Ill., and Louis F. Gillespie and Gillespie, Burke & Gillespie, all of Springfield, Ill., for appellee Reconstruction Finance Corporation.

Before MAJOR, Chief Judge, KERNER and MINTON, Circuit Judges.

KERNER, Circuit Judge.

The trustee in bankruptcy appeals from an order granting priority to a claim of the Reconstruction Finance Corporation for an unsecured debt.[1] He contends that the statutes relied upon by the court are not authority for the priority granted, and, if the RFC were entitled to such priority, it was waived by its participation as an unsecured creditor in the first meeting of creditors and election of the trustee, and by its failure to assert the priority until almost two years after adjudication in bankruptcy.

The record discloses that the RFC filed its claim in the bankruptcy proceeding as the assignee of a debt owed by the bankrupt to the Smaller War Plants Corporation, a United States Government Agency, in the amount of $622,002, and secured by certain real estate and chattel mortgages and assignments of money due or to become due under contracts and purchase orders. When these securities were liquidated, the trustee applied the proceeds toward payment of the indebtedness, leaving a balance due to be determined by the court. Thereafter, on March 25, 1948, the trustee's petition for determination of the amount of the unsecured claim was filed, requesting that

[1] The action was taken under the authority of § 64, sub. a(5) of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a(5), R.S. § 3466, 31 U.S.C.A. § 191, and § 3(a) of the R.F.C.Act, as amended by Public Law #548, approved May 25, 1948, 15 U.S.C.A. § 603(a).

the amount be fixed at $332,863. The RFC filed its answer claiming priority by virtue of the statutory provisions referred to in footnote 1. Upon hearing, the referee denied the priority claimed on the ground that its allowance in such a case would defeat the purposes of the RFC Act by impairing the credit which the RFC was created to restore, hence Congress could not have intended such priority. The referee also held that the amendment of § 3(a) of the Act on May 25, 1948, could have no bearing on the questions raised by the proceeding here involved.

The debt due RFC arose out of a direct loan without participation by any bank, pursuant to § 4(f) of an Act entitled "An Act to mobilize the productive facilities of small business in the interests of successful prosecution of the war, and for other purposes." 50 U.S.C.A. Appendix, § 1104. On review, the District Court held that the referee erred in concluding as a matter of law that the debt due the RFC was not entitled to priority of payment and in refusing to allow such priority, and accordingly ordered allowance of the claim as a debt entitled to priority.

Although appellant does not argue the question of waiver in its brief, that question is presented by the record, and we deem it necessary to determine first whether, conceding arguendo that the RFC might be entitled to the priority claimed, it waived such right by its participation in the early proceedings as an unsecured creditor, and also by its failure to assert the right until almost two years after the adjudication in bankruptcy. We are convinced that there was no such waiver.

The question then is whether the RFC, a corporation whose stock is wholly owned by the United States, is entitled in this proceeding to the priority afforded by § 3466, which provides in part that "When-

ever any person indebted to the United States is insolvent * * * the debts due the United States shall be first satisfied; * * * *"

Prior to the enactment of Public Law #548, amending the RFC Act and approved on May 25, 1948, there might have been considerable question as to the applicability of the statutory priority to the facts here presented in view of what appear to be two divergent lines of decision construing the statute, one giving it a strict construction with respect to the rights of the Government under it,[2] and a later group representing a more liberal trend in its application to the United States and its agencies.[3] However, under the amendment of May 25, we think there can be no question of the right of the RFC to the priority claimed. Section 3(a) provides as follows: "* * * Debts due the Corporation, whether heretofore or hereafter arising, shall not be entitled to the priority available to the United States pursuant to section 191 of Title 31 [§ 3466] except that the Corporation shall be entitled to such priority with respect to debts arising from any transaction pursuant to any of the following Acts or provisions in effect at any time: * * * sections 4(f) and 9 of the Act entitled 'An Act to mobilize the productive facilities of small business in the interests of successful prosecution of the war, * * * *.'"

The Congressional mandate of this amendment appears to us to be so clear and unequivocal that we think there can be no doubt as to its intent to ensure the priority of all obligations resulting from transactions under the various Acts enumerated, including those of the Smaller War Plants Corporation here involved. It imposes no limitations as to the time when such obligations may have been incurred, granting the priority generally as to any

---

[2] See Sloan Shipyards Corp. v. United States Fleet Corp., 258 U.S. 549, 42 S.Ct. 386, 66 L.Ed. 762; United States v. Guaranty Trust Co., 280 U.S. 478, 50 S. Ct. 212, 74 L.Ed. 556; Mellon v. Michigan Trust Co., 271 U.S. 236, 46 S.Ct. 511, 70 L.Ed. 924; United States v. Marxen, 307 U.S. 200, 59 S.Ct. 811, 83 L.Ed. 1222; Cook County National Bank v. United States, 107 U.S. 445, 2 S.Ct. 561, 27 L.Ed. 537.

[3] See United States v. Emory, 314 U.S. 423, 62 S.Ct. 317, 86 L.Ed. 315; State of Illinois v. United States, 328 U.S. 8, 66 S.Ct. 841, 90 L.Ed. 1049; United States Dept. of Agriculture v. Remund, 330 U.S. 539, 67 S.Ct. 891, 91 L.Ed. 1082; Cherry Cotton Mills v. United States, 327 U.S. 536, 66 S.Ct. 729, 90 L.Ed. 835.

transactions pursuant to the enumerated Acts.

We think the language quoted is unambiguous. However, if we had any doubts as to its meaning, they would be resolved by reference to the legislative history of the amendment. In discussing the purpose of the section in the Senate, Senator Buck stated, " * * * Because of a recent Supreme Court decision, a question has arisen as to whether RFC may not be entitled to the priority in bankruptcy which is available to the United States. The committee believes that RFC should not have such priority with respect to debts arising from its normal lending activities. A provision has been included in this section which will eliminate that priority except with respect to debts arising under the specific war powers which are designated therein. The committee believes that RFC should be entitled to such priority with respect to debts resulting from its wartime activities." Congressional Record, 80th Congress, Second Session, Vol. 94, Part 3, p. 4108.

To the same effect was the House Committee report on the Bill, "The provision with respect to the position of the Corporation as a claimant in bankruptcy makes clear that the RFC shall not have the same priority in bankruptcy which is enjoyed by the United States with respect to recovery of funds advanced under the Corporation's regular lending operations but would be entitled to such priority with respect to obligations owed the Corporation as a result of its wartime activities under the specific provisions of the statutes enumerated in this section." House Report No. 1836, 1948 U. S. Congressional Code Service, Part 2, p. 1576 at 1587.

Appellant contends that both of these reports indicate an intent on the part of Congress that the exception should be prospective in its operation. He points to the use of the words "would be" and "should be" entitled to the priority as indicative of such an intent. We do not so interpret the language used. It appears crystal clear from Senator Buck's statement that the amendment was intended as a clarifying one, to eliminate a priority as

to one type of activity which otherwise might be allowed under the Supreme Court decisions referred to. In other words, it was intended to limit what was thought to be an existing right to the priority to those cases stated in the exception, not to create a new right as to such cases. This conclusion is further fortified by the fact, pointed out by appellee, that most of the powers conferred on RFC for national defense, war and related purposes, had expired prior to the enactment of the amendment, and that whatever debts might be incurred under those powers had already been incurred, hence that there would be few, if any, debts arising in the future to which the statute could be applied.

Appellant also relies upon the case, Matter of Lithaloys Corporation, Debtor, D.C. S.D.N.Y., 1948. The cause is now pending on appeal. The opinion does not indicate the facts under which the claim arose, and we do not find it helpful in the decision of our case.

Affirmed.