### OHIO SAVINGS ASSN. v. BELL, et al.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1774.   Decided Dec. 6, 1926

**1228. VENDOR'S LIEN—As between a mechanics' lien and a vendor's lien, the latter is superior since a vendor's lien is not waived by taking a mortgage upon the same property to secure payment of the amount of the purchase price unpaid.**

First Publication of this Opinion

WILLIAMS, J.

George Pomeroy and F. M. Fuller executed a deed for a certain lot in the city of Toledo to Robert and Elizabeth Bell.   Subsequently the Bells executed to the Ohio Savings Association a mortgage for $3200 to secure a loan on the property and also to Pomeroy and Fuller for $900 to secure the balance of the unpaid purchase price, which later mortgage provided that it was "subject to a first mortgage with the Ohio Savings Association."

Certain mechanics liens were filed against the property and the proceeds arising from the sale thereof were insufficient to pay both mortgages and mechanics' liens.   In regards to the lien of the W. C. Holst Builders' Supply Co. there is a conflict in the evidence as to whether or not certain tile were delivered on the premises in question or on land adjacent thereto, and as to whether the construction of the building in question had begun so as to charge the Association with notice thereof.

The case was taken from the Lucas Common Pleas on appeal and the Court of Appeals held:

1.   The evidence discloses that at the time the mortgage of the Association was left for record the construction of the building had begun and the tile in question were being used in the construction of the walls.

2.   There had been therefore such physical acts done on the premises as produced results visible and sufficient to indicate to a person examining the premises that the construction of the building had actually commenced, so as to charge plaintiff with notice. Rider v. Crobaugh, 100 OS. 88.

3.   The lien of the mortgage of the plaintiff was superior to the mortgage of Pomeroy & Fuller for the reason that it was agreed that between the mortgagees, that of the plaintiff should be first.

4.   As between the mechanic's lien of Holst and the vendor's lien of Pomeroy & Fuller, the latter was superior for the reason that a vendor's lien is not waived by the taking of a mortgage upon the same property to secure the payment of the amount of purchase price unpaid.   Golner v. Bede, 11 Ohio App. 137; Elliott v. Platter, 43 OS. 198, 209.

5.   As between the lien of the mortgage of plaintiff and the mechanic's lien of Holst, the mechanics' lien was superior, because work of construction was begun on the premises and the lien attached not only to any intreest which the Bells had in the property at the time the first material was furnished, but also to the interest subsequently acquired.

6.   Funds should be distributed as follows:
1st:—To the treasurer, taxes, penalty and interest.
2nd:—To clerk of courts, cost of this action.
3rd:—To Ohio Savings Assn., a sum equal to amount due on vendor's lien of Pomeroy & Fuller.
4th:—To Holst and other holders of mechanics' liens, without priority among themselves.
5th:—To Association, balance due on its mortgage.
6th:—To Pomeroy & Fuller, amount due under their mortgage.

7.   Distribution of the amount due on vendor's lien to plaintiff Association required because mechanics' liens are subject to the vendors' lien for purchase price, and as Pomeroy & Fuller had agreed that plaintics' mortgage should be ahead of indebtedness covered by their mortgage, the amount thereof should be paid to plaintiff.   Walbridge v. Barrett, 21 C. C. 522.   Affirmed in Spear v. Walbridge, 67 OS. 558.

Decree and judgment accordingly.
(Culbert & Richards, JJ., concur.)
Attorneys—Hogg & Doty for plaintiff; Stanley A. Grzezinski, W. W. Campbell, Duffey & Bryce, George S. Moss and John Gabel for defendants; all of Toledo.