BARRS, Jr., et, Appellees, v BARRS RENT-A-CAR COMPANY, et, Appellants.

Ohio Appeals, 1st District, Hamilton County.

No. 6200. Decided February 8, 1943.

390

David L. Shannon, Cincinnati, for appellees.
Wh. R. Collins, Cincinnati, for appellant, Reznor-Floyd Co.

## OPINION

By MATTHEWS, P. J.

While there is no direct statement by counsel for appellant that he agreed to the statement that Barrs Rent-A-Car Company owed the United States $45.82. which it had withheld from its employees' salaries to pay their "Old Age Pension" tax under the Social Security Act. it is clear that there was no controversy on the subject and the court was permitted to decide on that assumption without protest. The court was also permitted, without protest, to decide on the assumption that the salaries were paid entirely by checks upon Southern Ohio Savings Bank & Trust Company, in

which bank the fund was, over which the controversy exists. It is too late to protest against the assumption.

By Section 807 (c) of the Social Security Act, Section 607 of the Revenue Act of 1934 and Article 204 of Regulation 91 promulgated by the Commissioner of Internal Revenue, the amount so withheld by the employer is stamped as a trust fund which belongs to the United States.

The only question here is whether the fact that this balance remained in the bank to the credit of the employer at the time of the appointment of the receiver, and the further fact that all employees were at all times paid by checks on that bank account and no other, are sufficient to prove the creation of a trust fund and to trace it into the existing balance.

The claim of the United States is for taxes for the first and last quarters of 1940. The receiver was appointed on April 4th, 1941. There is no proof that there was a balance in this account at any time prior to April 2nd, 1941 equal to the amount of this tax claim or that there had been a continuous balance of any amount therein from the time of the deduction to the time of the appointment of the receiver.

(1) Of course, if the United States was the equitable owner of this bank account, it would not be subject to the debts of the legal owner. There would be no beneficial right to subject to his debts.

Now, is the proof sufficient to show the creation of and continued existence of a trust fund within the rule laid down by the authorities.

In 26 R. C. L., 1357, it is said:

"If money which was held in trust or in a fiduciary capacity is deposited in bank in the personal account of the trustee or holder along with and mingled with money of his own in a single account, and afterwards the depositor depletes the amount credited to him by checks drawn generally, it is now presumed that he drew first and so long as a balance remains equal to the sum held in trust, only his own money, and left the trust funds untouched, because every man, until the contrary is proved, is deemed to have acted honestly and to have done right rather than wrong."

And, at page 1358:

"In following trust funds which were mingled by the trustee with his own and money from other sources, and then indiscriminately used in his current transactions, the whole fund being augmented and depleted by further deposits and drafts, some of the additions being trust money, and where the amount of the general balance has fluctuated and often fallen below the total deposits of trust funds, only so much of the balance in hand at the end can be deemed identified and impressed with the trust as shall equal the lowest cash balance in hand with the trustee while the transactions were current, * * * "

The text quoted is supported by and is a summary of the authorities. By applying this rule to the evidence in this record, it is clear that it falls far short of proof of a trust fund. The necessary proof that there was originally a balance left after payment of the checks for wages, or that any balance continued thereafter until the receiver was appointed, is not found in the record.

We are, therefore, of the opinion that the United States has failed to prove ownership of the equitable title to this bank account.

(2) It is also claimed that the United States is given a lien to secure the payment of all taxes including this tax on employees under the Social Security Act. We are cited to Section 3466, U. S. Revised Statutes, 26 U. S. C. A. 3670. But, it is provided by Section 3672, U. S. C. A., that: "Such lien shall not be valid as against any * * * judgment creditor until notice thereof has been filed by the collector," either in accordance with the state law, or, if the state law makes no provision for filing, then in the office of the Clerk of the United States District Court for the judicial district in which the property subject to the lie_ is situated.

There is no proof of the filing of notice anywhere, and that omission is fatal to the existence of a lien. In 30 Am. Jur., 149, it is said: "Where a mortgage or other lien, attached to property of the taxpayer before the filing of notice of a Federal tax lien, and the mortgagee or other lienholder was within the class intended to be protected by the foregoing provision, such mortgagee or other lienholder has been entitled to priority over the tax lien." See also: Re: Estate of Henry Rosenberg, deceased, 105 A. L. R., 1238 and annotation, 269 N. Y. 247, 199 N. E., 206.

(3) The appellant secured a judgment, caused execution to issue, which was returned unsatisfied and then sequestered this bank account before the appointment of the receiver herein.

By §11772, GC, it is provided the funds sequestered by a proceeding in aid of execution, as in this case "shall be bound, and he or it, as the case may be, made liable to the judgment creditor therefor."

By the service of notice upon the garnishee a lien is acquired from the date of the notice. Good v Crist, 23 Oh Ap, 484.

We are of the opinion that the appellant has a lien upon the fund with the Southern Ohio Savings Bank & Trust Company; that the United States has no equitable title, lien or other proprietary title thereto, and that the trial court erred in so holding.

For these reasons, the judgment is reversed, and the cause remanded for further proceedings according to law.

ROSS, J., concurs.