## In re TAYLORCRAFT AVIATION CORPORATION.

### No. 64566.

District Court, N. D. Ohio, E. D.

May 7, 1947.

Judgment Affirmed June 1, 1948.

F. B. Kavanagh, Asst. U. S. Atty., for the government.

Ezra Shapiro, of Cleveland, for Manufacturers Trading Corporation.

Willard S. Mielziner, of Cleveland, for debtor.

Andrew P. Martin, of Cleveland, for Continental Motors Corporation.

Gerald A. Doyle, of Cleveland, for Martin Fireproofing Corporation.

William K. Thomas, of Cleveland, for wage claimants.

Hugh Wells, of Cleveland, for general creditors.

FREED, District Judge.

The petition of the United States Government for review of the order and amended order of Carl D. Friebolin, Referee denying priority of lien for taxes, to the petitioner, is denied. The findings, conclusions and opinion of the Referee herewith following, are approved.

FRIEBOLIN, Referee.

The Disinterested Trustee in a superceeded proceeding under Chap. X, having filed a Petition to Sell property of the Debtor free of liens, and the Martin Fireproofing Corporation and the United States Government having filed Answers thereto each claiming a lien upon the property: the Mar-

tin Fireproofing Corporation relying upon a mechanics lien and the United States Government relying upon a claim of priority by virtue of Sec. 3466, Rev.Stat. and also for a lien by virtue of sections 3640, 3641, 3670, Rev.Stat.,[1] and the Martin Fireproofing Corporation and the Disinterested Trustee having filed an Answer denying the lien of the United States Government for taxes, and the Martin Fireproofing Corporation claiming that its lien is prior to any lien for taxes of the United States Government; now after hearing the evidence and examining briefs of counsel,

It is found that:

1. The Debtor herein filed a petition for reorganization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., on November 8, 1946, said petition being approved on November 13, 1946, and on the same date H. A. Hauxhurst and Jerome Curtis, were appointed Disinterested Trustees.

2. On April 25, 1947 the Debtor was adjudicated a bankrupt and on May 27, 1947 Kenneth S. Thomson was chosen trustee in bankruptcy.

3. On November 8, 1946, several hours prior to the filing of the Debtor's petition, the United States Government filed with recorder of Stark County, Ohio, notice of a lien for taxes as provided in Sec. 3672 (a) (2), Title 26 U.S.C.A. Int.Rev.Code; the amount claimed as taxes, exceeds $1,-000,000 for a period beginning in 1942.

4. On November 20, 1946 Martin Fireproofing Corporation duly filed its affidavit for mechanics lien as provided in G.C.O. Sec. 8312 and following.

5. The contract between Martin Fireproofing Corporation and the debtor was dated April 24, 1946; the first labor and material was furnished on August 6, 1946 and the last on September 22, 1946.

6. The assessments and demands upon the Debtor for payment of taxes were made by the Government at various dates and various amounts beginning August 14, 1946 and ending March 27, 1947 (Itemized: Government's Supplemental Answer filed April 28, 1947) Approximately $475,000 was so assessed and demand upon debtor made prior to November 20, 1946 (the date of filing of affidavit for mechanics lien) as also prior to November 8, 1946 (date of filing petition for reorganization).

7. Martin Fireproofing Corporation complied in all respects with the statutory provisions of Ohio for obtaining a valid mechanics lien upon the property described in its affidavit for lien; that the first labor and material furnished by it upon the Debtor's property was August 6, 1946; the last was furnished September 22, 1946. The Affidavit for lien was thus filed (Nov. 20, 1946) within sixty (60) days after the last item was furnished.

8. The United States Government complied in all respects with the applicable Federal Statutes for obtaining a lien upon the debtor's (now bankrupt's) property.

Conclusion of Law.

1. I conclude:

That Martin Fireproofing Corporation has a valid mechanics lien upon the property described in its affidavit for mechanics lien in the sum—it is not disputed—of $15,515.

2. That the United States Government has a valid lien for taxes on the Debtor's property including the property described in Martin Fireproofing Corporation's affidavit for lien, in a sum to be determined upon further hearing.

3. That Martin Fireproofing Corporation has a lien upon said property, as of August 6, 1946, for the full amount of the bankrupt's obligation to it.

4. That the Government has a lien as of November 8, 1946, as against the trustee, for the amount of taxes hereafter to be determined.

5. That accordingly Martin Fireproofing Corporation has a lien upon said property prior in right to that of the United States Government for taxes.

6. What, if any, lien the Government may have by reason of Sec. 3670 is not relevant in this proceeding, since no lien is here involved of any persons except mechanics lien claimants who first furnished

---

[1] Reference herein to Sec. 3466 is to Sec. 191, Title 31 U.S.C.A. Sections 3640, 3641, 3670 and 3672, refer to Internal Revenue Code, Title 26 U.S.C.A. Int.Rev. Code, §§ 3640, 3641, 3670, 3672.

material and labor prior to August 14, 1946; the latter being the first date upon which the Government made demand for taxes resulting in a lien by the provisions of Sec. 3670 (except as to persons therein named S. 3672).

### Memorandum.

The statutes applicable and relied upon by the Government are the following:

Sec. 3466, Rev.St. (Sec. 191, Title 31 U.S. C.A.) which, in substance provides that whenever any person indebted to the United States is insolvent, the debts due the United States shall be first satisfied.

Sec. 3640, Title 26 U.S.C.A. Int.Rev.Code, which provides that the Commissioner of Internal Revenue is to make assessments of taxes where not duly paid.

Sec. 3641, Title 26 U.S.C.A. Int.Rev.Code, requiring the Commissioner to certify a list of such assessments to the Collector of Internal Revenue who shall proceed to collect them.

Sec. 3670, Title 26 U.S.C.A. Int.Rev. Code, which provides that "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount * * * shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

A section which the Government claims as not pertinent is Sec. 3672(a) (2), Title 26 U.S.C.A. Int.Rev.Code, which provides that the lien declared in Sec. 3670—shall be invalid against "any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector".

The Government cites several cases which it claims support its contentions:

People of State of Illinois ex rel. Gordon v. Campbell, 1946, 329 U.S. 362, 67 S. Ct. 340, 91 L.Ed. 348. This case involved a general receivership. The question was the effect upon the Government's priority under Sec. 3466, of a prior lien asserted by the State of Illinois. It was held that the claimed lien was not sufficiently specific and perfected to defeat the government's priority.

United States v. Waddill etc., 1945, 323 U.S. 353, 65 S.Ct. 304, 89 L.Ed. 294. In this case a general assignment by the debtor was involved. The court held that the Government's priority was not postponed by a claimed lien for local taxes and a landlord's lien (under a Va. statute); such liens were, it was held, at the date of the assignment, not sufficiently specific, explicit and perfected to affect the Government's priority.

Martin in support of its contention quotes from Ohio Mechanics Lien Statute and cites a number of Ohio cases; also: In re Caswell Construction Company, D.C.1926, 13 F.2d 667; In re C. J. Rowe & Bros., D.C. Pa. 1927, 18 F.2d 658, 9 A.B.R., N.S., 140; Annotation 77 L.Ed. 792, 6 Am.Jur. 631, 98 A.L.R. 325.

The Rowe case, supra, was one in bankruptcy. The questions was the priority of the Government for taxes under Sec. 3466 and Sec. 64, sub. a, of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a, as against a distraint for rent. The Court held that the distraint constituted a specific lien and was prior in right to a mere claim for priority by the Government under Sec. 3466, Rev. Stat. or 64, sub. a, of the Act.

The Caswell case supra, was a bankruptcy case involving the priority of a mechanics lien which antedated by several years the Government notice of lien for taxes.

The Court held the mechanics liens valid under the protection of 67, sub. d, of the Act, 11 U.S.C.A. § 107, sub. d. (This section was dropped in the Chandler Act but its protective features were retained.) [2] Moreover the Court emphasized that liens always preceded payment of taxes unless taxes are also liens—and not unsecured claims entitled to priority under Sec. 3466 or 64, sub. a.

█ It appears from the brief discussion above that no case is cited involving a mechanics lien as opposed to a Government's tax lien. It also seems clear that Sec. 3466 has no application to or effect in bankruptcy proceedings, as distinguished from other methods of liquidation.[3]

---

[2] 4 Collier (14) p. 156–157.

[3] 3 Collier on Bankruptcy p. 2176 see cases cited in note 5.

In the first place it relates merely to priority—not to liens. That is, priority in payment out of free money, money or property not incumbered by valid liens.

In the next place, Sec. 3466 is not controlling in bankruptcy proceedings even in the distribution of free money. Sec. 64, sub. a of the Bankruptcy Act is exclusive in that regard. Taxes not secured by lien are provided for in Sec. 64, sub. a (4)—they are fourth in priority.[4]

But the Government also claims a lien for taxes by reason of the provisions of Sec. 3670. This section, as stated above, provides that if the taxpayer refuses to pay on demand the amount due "Shall be a lien" upon all of the property of the taxpayer.

The first demand—it was for $204,240.47 and also for $34,259.87—was made on August 14, 1946. Other demands followed for various dates for varying amounts (Government's Supplemental Answer filed April 28, 1947).

Conceding that the Government obtained a lien on each of the dates and for each amount stated, they all post-dated the date of the first delivery of material and labor by Martin Fireproofing Corporation: August 6, 1946.

I have concluded that Martin's lien is effective as of August 6, 1946, the date of the first delivery of labor or material; the Ohio statute so provides and the Ohio courts here so ruled.[5]

■ That bankruptcy does not invalidate such lien seems clear from the express provisions of Sec. 67, sub. b of the Bankruptcy Act by which it is provided that, notwithstanding the provisions against preferences under Sec. 60 of the Act, 11 U.S.C.A. § 96, such statutory liens, including those in favor of mechanics and for taxes, will be valid even though perfected after bankruptcy.[6]

It is said—and the cases back up the statement—that this section merely codified the existing law.[7]

■ If this is the law then the Martin Fireproofing Corporation, having a valid lien for the total amount due to it, as of August 6, 1946, conceding that the Government obtained a lien beginning August 14, 1946 for the various amounts it demanded of the Debtor, Martin Fireproofing Corporation has a prior lien to that of the Government.

The Government cites no case supporting its contention. In the case of United States v. Sampsell, 9 Cir., 1946, 153 F.2d 731, 735, the court had before it the question of priority of lien of a California Franchise Tax which lien attached as of the first day of the taxable year, and the lien of the United States Government for taxes which liens attached on various dates after the first day of the year, as provided in Sec. 3670 and 3671—no lien was recorded as provided in Sec. 3672.

■ The Court held the California Franchise Tax lien prior in right even though

---

[4] Sec. 3466 as a priority and not a lien statute, does become effective in bankruptcy proceedings by express reference to debts entitled to priority by the laws of the United States; they are fifth in priority by the provisions of Sec. 64, sub. a (5) of the Bankruptcy Act.

[5] 29 O. Jur. pp. 864, 878–879; Ohio Savings etc. v. Bell, 1926, 25 Ohio App. 84, 158 N.E. 548.

[6] Sec. 67, sub. b. "The provisions of section 60 of this Act to the contrary notwithstanding, statutory liens in favor of employees, contractors, mechanics, landlords, or other classes of persons, and statutory liens for taxes and debts owing to the United States or any State or subdivision thereof, created or recognized by the laws of the United States or of any State, may be valid aginst the trustee, even though arising or perfect-ed while the debtor is insolvent and within four months prior to the filing of the petition in bankruptcy or of the original petition under Chapter X, XI, XII, or XIII of this Act, by or against him. Where by such laws such liens are required to be perfected and arise but are not perfected before bankruptcy, they may nevertheless be valid, if perfected within the time permitted by and in accordance with the requirements of such laws, except that if such laws require the liens to be perfected by the seizure of property they shall instead be perfected by filing notice thereof with the court."

And see United States v. Sampsell, 9 Cir., 1946, 153 F.2d 731; CCH Bankruptcy 55570.

[7] 4 Collier (14) p. 228; Remington (5) Sec. 1633; In re Caswell Const. Co., 1926, 13 F.2d 667.

such lien might be called inchoate and not specific.[8]

So in the case at bar, even though the mechanic's lien may have been inchoate prior to the filing of the affidavit of lien, since the statute provided that the lien attached as of the date of the furnishing of the first labor or material (Aug. 6, 1946) it was prior to the time of the Government lien, which, as in the Sampsell case, attached on several dates thereafter.

 There is perhaps a further reason for so holding. By the provisions of Sec. 3672, recording is necessary for validity as against judgment liens and mortgages. This would include a trustee in bankruptcy who is in the position of a judgment lien creditor.[9]

If in this case, the Government had not recorded its lien—which was the fact in the Sampsell case—then its tax lien would be void against the trustee upon a petition to sell naming the Government and Martin Fireproofing Corporation defendants, the Court would find the lien of the latter valid and that of the Government void.

How absurd would be the result of attempting to hold, as now claimed by the Government, that although the Government's lien is void against the trustee and the property should be sold free of its lien, yet as against Martin Fireproofing Corporation, which has a valid lien upon the property, the Government has a valid lien under Sec. 3670 which is prior to Martin. I know of no authority which states that a lien upon property may be held void as against the trustee and yet should be paid ahead of a lien which is valid upon that property.[10]

When the Government recorded its lien prior to bankruptcy in the case at bar, it made it valid against the trustee in bankruptcy. The Government did not improve its position against lien claimants whose lien attached prior thereto.

FREED, District Judge.

---

[8] The court said: "There is nothing in the Internal Revenue Code, §§ 3670–3672, 26 U.S.C.A. Int.Rev.Code, §§ 3670–3672, providing for government priority over inchoate liens which antedate its own liens."—

As to Sec. 3672 the court said: "The true purpose of a recording provision is to give protection for the future rather than over events which have already taken place in the past."

In this case the court also devoted several paragraphs to showing that Sec. 3466 is not pertinent in bankruptcy proceedings. Also that in any event liens have priority in right over claims under that section.

[9] Sections 70, sub. c, 102, 238 (1), 11 U.S.C.A. §§ 110, sub. c, 502, 538(1). 4 Collier (14) p. 160, note 18; Barrs v. Barrs Rent-A-Car Co., 1943, 71 Ohio App. 465, 50 N.E.2d 388 (Government tax lien not filed, aid of execution is prior)

[10] Cf. In re Caswell Construction Co. [13 F.2d 671]. "If such liens are prior to the interest of the trustee in bankruptcy, they are also prior to the lien of the government for taxes, as the latter did not attach for nearly three years".