**TAYLORCRAFT AVIATION CORPORATION, In re UNITED STATES v. MARTIN FIREPROOFING CORPORATION.**

United States Circuit Court of Appeals, Sixth District.

No. 10604.   Decided June 1, 1948.

Theron Lamar Caudle, Sewall Key, A. F. Prescott, Fred E. Youngman, Washington, Don C. Miller, Francis B. Kavanagh, Cleveland, for appellant.

Gerald A. Doyle, Cleveland for appellee Martin Fireproofing Corp.

Hugh Wells, Cleveland, for trustee of Taylorcraft Aviation Corp.

**OPINION**

By ALLEN, CJ.

This is an appeal from an order of the District Court which confirmed the findings and order of a referee in bankruptcy determining that the appellee had a lien upon the property of Taylorcraft Aviation Corporation, debtor, superior to that of the United States for taxes. The facts are not disputed and as found by the referee are in substance as follows:

November 8, 1946, the debtor filed a petition for reorganization under Chapter 10 of the Bankruptcy Act, 11 U. S. C. A., Section 501 et seq. The petition was approved, and the debtor was adjudicated bankrupt on April 25, 1947. Several hours prior to the filing of the petition for reorganization, on November 8, 1946, the Government filed with the recorder of Stark county, Ohio, notice of a lien for taxes, as required by Section 3672(a) (2), Title 26, U. S. C. 26 U. S. C. A., Int. Rev. Code, Section 3672(a) (2). In April, 1946, the appellee and the debtor entered into a contract under which appellee furnished labor and material required for the erection of a roof deck and curbs on manufacturing buildings owned by the debtor. The first labor and material were furnished to the debtor on August 6, 1946, and the last on September 22, 1946. The appellee

filed its affidavit for mechanic's lien, as provided by §8310 et seq., GC, on November 20, 1946 and complied in all respects with the statutes of Ohio for obtaining a valid mechanic's lien upon the real property of the debtor, the affidavit for the lien being duly filed within sixty days after the last item was furnished.

The Government made various assessments and demands upon the debtor for payment of taxes, beginning August 14, 1946, and ending March 27, 1947. Assessments of approximately $475,000 and demand therefor were made upon the debtor in conformity with the federal statutes, prior to November 8, 1946, and only this amount out of some $1,000,000 unpaid taxes is involved in this case.

The referee determined that the appellee had a valid mechanic's lien upon the debtor's property as of August 6, 1946, for the full amount of $15,515; that the Government has a valid lien as of November 8, 1946, for the amount of taxes to be determined; and that the appellee's lien is prior in right to that of the Government for taxes.

The Government contends that the perfected liens of the United States for unpaid federal taxes are entitled to priority as against the earlier mechanics' liens which it claims had not been perfected at the time of the adjudication in bankruptcy. The applicable statutes of Ohio as to mechanics' liens are §§8310, 8314, and 8321 GC.[1] Under these statutes the mechanics' lien. after filing of the affidavit, relates back to the time of the performance of the first labor and the first delivery of material, and is effective as of that date against subsequent liens arising under state law. **Ohio Savings Ass'n v. Bell,**

---

[1]Under these sections every person who does work on or furnishes material for erecting or repairing a building has a lien upon such building to secure payment thereof, and upon the interest of the owner or lessee in the land upon which the building stands. The lien claimant is required within 60 days from the time of the last performance of labor or delivery of material to file in the office of the recorder of the county in which the labor was performed or the material furnished an affidavit showing the amount due, a description of the property, the name of the person to whom the labor or materials were furnished, and the name of the owner or lessee. The lien "shall be" a lien "from the date the first labor was performed, or the first * * * materials * * * furnished. * * *" Such a lien is preferred to all other liens upon the construction, improvement, or the land upon which they are situated which shall be either given or recorded subsequent to the commencement of the construction or improvement.

25 **Oh Ap,** 84, 158 N. E., 548; **Rider v. Crobaugh, 100 Oh St,** 88, 125 N. E., 130. The lien is valid even if the affidavit is not filed until after the bankruptcy of the owner of the property. ■ Section 67, Sub. b, Bankruptcy Act, Title 11, U. S. C. (1940 edition), Section 107, Sub. b, 11 U. S. C. A., Section 107, Sub. b.

The Government concedes that Section 3466, R. S., Title 31, U. S. C., Section 191, 31 U. S. C. A., Section 191, which provides that in case of insolvency of any person indebted to the United States the debts due to the United States shall be first satisfied, does not apply in bankruptcy cases. Cf. Davis v. Pringle, 268 U. S., 315, 45 S. Ct., 549, 69 L. Ed., 974; United States v. Campsell, 9 Cir., 153 F. (2d), 731; In re Van Winkle, D. C. Ky., 49 F. Supp., 711. The priority of the Government is claimed to arise under Section 3670 and Section 3671, Title 26, U. S. C., 26 U. S. C. A. Int. Rev. Code, Sections 3670, 3671, which read as follows:

Section 3670. "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount, or addition to such tax, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

Section 3671. "Unless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time."

The referee held that since under Ohio law the mechanic's lien is effective from the date of the first delivery of material or performance of labor it was effective on August 6, 1946, and therefore prior to the lien of the Government arising out of its assessments and demands made beginning August 14, 1946 and thereafter, prior to the time of filing the petition for reorganization.

It is a matter of federal law whether a lien created by state statute is sufficiently specific and perfected to raise questions ■ as to the applicability of the priority given the claims of the United States by an act of Congress. United States v. Waddill; Holland & Flinn, Inc., 323 U. S. 353, 356, 357, 65 S. Ct., 304, 89 L. Ed , 294. If the Ohio law determines the effectiveness and date, the mechanic's lien in the instant case was specific, attached to specific property, and was prior in time to the

tax liens, for it dated from August 6, 1946. The tax liens of the Government were specific and complete on November 8, 1946, prior to the filing of the petition for reorganization, by assessment made under Section 3640, Title 26, 26 U. S. C. A., Int. Rev. Code, Section 3640, duly certified to the collector under Section 3641, Title 26, 26 U. S. C. A., Int. Rev. Code, Section 3641, and the lien had been properly recorded under Section 3672, Title 26, U. S. C., 26 U. S. C. A., Int. Rev. Code, Section 3672. The trustee took the property charged with these Government liens; Humphrey v. Tatman, 198 U. S., 91, 25 S. Ct., 567, 49 L. Ed., 956; York Mfg. Co. v. Cassell, 201 U. S., 344, 26 S. Ct., 481, 50 L. Ed., 782; United States v. Reese, 7 Cir., 131 F. (2d), 466; In re Capital Foundry Corp., D. C., 64 F. Supp., 885; but he also took the property charged with the mechanic's lien.

The trustee was not a judgment creditor, a mortgagee, a pledgee, or a purchaser, and hence Section 3672, Title 26, U. S. C., 26 U. S. C. A., Int. Rev. Code, Section 3672, has no application.

The case therefore involves the priority of one lien over another, and Section 3466, R. S., Title 31 U. S. C., Section 191, 31 U. S. C. A., Section 191 and Section 104, Title 11, U. S. C., 11 U. S. C. A., Section 104, are not involved. We think the problem is not solved by the citation of the decision of the United States Supreme Court in New York v. Maclay, 288 U. S., 290, 53 S. Ct., 323, 77 L. Ed., 754; United States v. Texas, 314 U. S., 480, 62 S. Ct., 350, 86 L. Ed., 356; Illinois v. United States, 328 U. S., 8, 66 S. Ct., 841, 90 L. Ed., 1049; and United States v. Waddill, Holland & Flinn, Inc., supra. These cases did not involve bankruptcy proceedings. and therefore the priority provision of Section 3466 was applicable to these decisions. In Henderson v. Mayer, 225 U. S., 631, 32 S. Ct., 699, 700, 56 L. Ed., 1233, the court stated that the Bankruptcy Act was not intended to lessen rights which already existed "nor to defeat those inchoate liens given by statute, of which all creditors were bound to take notice and subject to which they are presumed to have contracted when they dealt with the involvent." We find no decision of the Supreme Court holding that a mechanic's lien effective from the date of performance of the work is subordinate in bankruptcy proceedings to a tax lien perfected after the work had been performed. The Bankruptcy Act itself specifically recognizes the situation which necessarily arises in the perfection of mechanics' liens in the eleven states in which the lien by statutes is effective from the date of first performance. 2 Jones on Liens, 3d Ed., Section 1480. Under such statutes the date required in the affidavit as to

the performance of the work can never be given until the work is completed, and hence the affidavit cannot be filed until after the time that the lien has attached. Section 107, Sub. b, Title 11, U. S. C., 11 U. S. C. A. Section 107, Sub. b, evidently taking care of this situation, states that the provisions of Section 96, 11 U. S. C. A., Section 96 (the preference section) to the contrary notwithstanding, "statutory liens in favor of employees, contractors, mechanics, landlords, or other classes of persons, and statutory liens for taxes and debts owing to the United States or any State or subdivision thereof, created or recognized by the laws of the United States or of any State, may be valid against the trustee, even though arising or perfected while the debtor is insolvent and within four months prior to the filing of the petition in bankruptcy or of the original petition under Chapters 10, 11, 12 or 13 of this title, by or against him. Where by such laws such liens are required to be perfected and arise but are not perfected before bankruptcy, they may nevertheless be valid, if perfected within the time permitted by and in accordance with the requirements of such laws, except that if such laws require the liens to be perfected by the seizure of property, they shall instead be perfected by filing notice thereof with the court."

It was perhaps in recognition of the equitable considerations in favor of sustaining mechanics' liens and similar liens on specific property that the Supreme Court reserved the question in United States v. Waddill, Holland & Flinn, Inc. supra, saying at page 355 of 323 U. S., at page 306 of 65 S. Ct.: "The question has not been expressly decided, however, as to whether the priority of the United States might be defeated by a specific and perfected lien upon the property at the time of the insolvency or voluntary assignment."

Certain well-established legal considerations favor the sustaining of the priority of the mechanic's lien even as against the lien for federal taxes. While bankruptcy is a creature of statute, proceedings in bankruptcy generally are in the nature of proceedings in equity. Bardes v. Hawarden Bank, 178 U. S., 524, 525, 20 S. Ct., 1000, 44 L. Ed., 1175. Moreover, mechanics' liens are in a favored class because of the benefit which has been received by the property improved, due to the work expended thereon. The mechanic's lien has been created by statute in every state because of the legislative realization of the equity in favor of the mechanic resulting from an enhancement in value due to the expenditure of work or the employment of materials upon property, without payment therefor. Since the security has been enhanced in value, the creditors are not prejudiced by the existence of the lien.

McClintic-Marshall Co. v. Ford Motor Co., 254 Mich., 305, 236 N. W., 792, 77 A. L. R., 807; Colp v. First Baptist Church, 341 Ill., 73, 173 N. E., 67, 71 A. L. R., 106. Cf. Davis v. Alvord, 94 U. S., 545. 547, 24 L. Ed., 283. The essential principle upon which the mechanic's lien rests is that of unjust enrichment. It is uncontradicted in this record that the giving of a priority to the United States over the mechanic's lien also gives the United States the enhancement of the value of the property which resulted from the work performed and the material supplied by the appellee.

The judgment of the District Court is affirmed.